UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:16 CR 426 CDP (JMB) |
| | ) | |
| ISRAEL ANGELES-MONTEZUMA, | ) | Defendant No. 1 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER, REPORT, AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**[1]

Currently before the Court are the following pretrial motions filed by Defendant Israel Angeles-Montezuma ("Angeles-Montezuma"): (1) Motion to Dismiss the Indictment (ECF Nos. 1277); (2) Motion for a Bill of Particulars (ECF No. 1276); and (3) Motion for Severance Pursuant to Rules 8(b) and 14 (ECF No. 1279). The government has filed responses in opposition. (ECF Nos. 1286, 1288) On September 26, 2017, at Defendant's request, the undersigned held a hearing on Angeles-Montezuma's motions.

**RELEVANT PRODECURAL BACKGROUND**

On September 28, 2016, the Grand Jury returned a multi-count indictment alleging, among other violations, a large-scale methamphetamine trafficking conspiracy involving 39 named defendants. On October 12, 2016, the Grand Jury returned a superseding indictment which added three more defendants, but which did not change the charges or allegations relevant to Angeles-Montezuma. Angeles-Montezuma is the first named defendant and is charged with one count of conspiracy to distribute and possession with intent to distribute in excess of 50

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b).

grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846.  Angeles-Montezuma was arrested on October 4, 2016, in the Eastern District of California, and removed to this District.

On October 24, 2016, the undersigned issued a Scheduling Order which, among other things, found this matter to be a complex case within the meaning of the Speedy Trial Act, and set a status conference for December 15, 2016.  (ECF No. 372)  One of the purposes of the status conference was to set a "definitive schedule for the filing and consideration of pretrial motions." (Id.)  Between October 24, 2016, and December 14, 2016, the government filed three detailed notices that outlined the arguably suppressible evidence in the case.  (ECF Nos. 371, 447, 642)

Angeles-Montezuma's attorney was present at the December 15, 2016, status conference, which was conducted with attorneys only.  (ECF No. 644-1)  At the status conference, the undersigned discussed issues and scheduling matters concerning discovery, case budgeting, and pretrial motions.  The undersigned proposed scheduling pretrial motions in three sequential phases—first, legal motions addressing the sufficiency of the indictment; second, motions challenging electronic surveillance, including wiretap evidence; and third, any remaining suppression motions or severance motions.  There was no disagreement voiced regarding a phased pretrial motions schedule.

On December 20, 2016, the undersigned issued a written Scheduling Order consistent with the December 15, 2016, status conference.  The December 20, 2016, Scheduling Order directed that "legal motions with respect to the sufficiency of the indictment, including any motions to dismiss, must be filed by **February 1, 2017**."  (ECF No. 650 at 3, emphasis in original)  The Scheduling Order further provided that the failure to file timely motions "may be considered a waiver of the right of a party to make such motions or requests, as set out in Fed. R.

Crim. P. 12(c)(3)." (Id., emphasis in original) The December 20, 2016, Scheduling Order set a later deadline for filing "motions directed at wiretap matters or other electronic surveillance," and deferred setting a firm deadline for any motions to suppress evidence or statements and motions to sever. (Id. at 4)

The February 1, 2017, deadline for filing motions directed to the sufficiency of the indictment passed without any party filing any such motions or requesting any extension of time. Accordingly, on February 10, 2017, the undersigned issued a "Scheduling Order and Waiver of Legal Motions Directed to the Sufficiency of Superseding Indictment." (ECF No. 777) In the February 10th Order, the undersigned found that each defendant had waived his or her right file legal motions pertaining to the sufficiency of the indictment, including any motions to dismiss. (Id. at 1) No party filed any objection or request to reconsider the February 10th Order. The February 10th Order set a deadline of March 10, 2017, for filing motions directed to wiretap and electronic surveillance matters, and again deferred setting a deadline for any motions to suppress evidence or statements and motions to sever. (Id. at 2)

On June 27, 2017, after addressing all wiretap motions,[2] the undersigned issued a Scheduling Order for the remaining pretrial motions (motions to suppress evidence or statements, and severance motions), and directed that any remaining motions be filed by August 2, 2017. (ECF No. 1088) On August 2, 2017, and August 8, 2017, Angeles-Montezuma filed motions for additional time to file any remaining motions or to file a waiver or such motions,

---

[2] On March 10, 2017, Angeles-Montezuma filed a Motion to Suppress Wire and Electronic Communications. (ECF No. 870) After holding an evidentiary hearing on the matter, the undersigned issued a Report and Recommendation recommending that motion be denied, which was adopted by the Honorable Catherine D. Perry, United States District Judge. (ECF No. 1072, 1230) Co-defendants Gillman and Woolford also filed wiretap motions, but withdrew their motions after the evidentiary hearings were completed.

-3-

which the Court granted. (ECF No. 1185, 1212, 1219, 1223) Angeles-Montezuma was given until August 16, 2017, to file any remaining pretrial motions. Angeles-Montezuma filed the three motions at issue herein on August 16th.

## DISCUSSION OF ISSUES PRESENTED

I.  **Motion to Dismiss Indictment and Motion for Bill of Particulars**

   A.  **Timeliness**

The government argues that the pending Motion to Dismiss and Motion for Bill of Particulars are untimely. The undersigned agrees.

Rule 12 of the Federal Rules of Criminal Procedure identifies several categories of motions that must be filed before trial, including motions challenging the specificity of an indictment. See Fed. R. Crim. P. 12(b)(3)(B)(iii). Rule 12 further provides that "[t]he court may, at arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions …. If the court does not set one, the deadline is the start of trial." Fed. R. Crim. P. 12(c)(1).

This is a complex case. Accordingly, the Court established a detailed schedule for filing pretrial motions. The schedule was set as soon as practicable and only after consulting with all of the lawyers involved in this case. No party objected to the schedule set in this matter. Further, the superseding indictment was returned on October 12, 2016, and the deadline for filing motions challenging the indictment was set on December 20, 2016. The schedule gave the parties several months to review the indictment and discovery, and to consider whether to challenge the superseding indictment or seek a bill of particulars. None of the 42 named defendants filed a timely motion directed to the sufficiency of the superseding indictment or seeking a bill of particulars.

On February 10, 2017, the undersigned issued a new scheduling order which affirmatively found and stated that all parties had waived their right to file motions challenging the sufficiency of the superseding indictment.  Again, no party objected to the February 10, 2017, Scheduling Order, and no party took issue with the conclusion that they had waived any motions challenging the sufficiency of the superseding indictment.

Rule 12(c)(3) makes clear that, when "a party does not meet the deadline for making a [pretrial] motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  See also United States v. Hardison, 859 F.3d 585, 589 n.5 (8th Cir. 2017) (explaining that, under Fed, R. Crim. P. 12(c)(3), a district court may refuse to consider an untimely pretrial motion but may still consider it for good cause); United States v. Boykin, 794 F.3d 939, 944 (8th Cir. 2015) (discussing challenges to the sufficiency of an indictment, which must be raised before trial, and claims that an indictment fails to state an offense, which "a defendant may raise at any time") (citing Fed. R. Crim. P. 12(b)(2) and United States v. Villarreal, 707 F.3d 942, 957 (8th Cir. 2013)), cert. denied, 136 S. Ct. 856 (2016).

At the September 26, 2017, hearing on his motions, Angeles-Montezuma's counsel explained that he understood the Motion to Dismiss was untimely, but that he concluded that he had a duty to file it after evaluating the evidence and the case, which took time.  Regarding the Bill of Particulars, Angeles-Montezuma noted that the Court's prior scheduling orders did not specifically mention a deadline for filing any motions requesting a bill of particulars.

Regarding the Motion to Dismiss, the undersigned is not persuaded by Angeles-Montezuma's contention that he needed more time.  The undersigned set a clear and unambiguous deadline regarding motions challenging the sufficiency of the indictment after holding a status hearing and requesting input from all attorneys.  No defendant asked for any

extension of time for any reason, including Angeles-Montezuma. Further, the issues raised in Angeles-Montezuma's Motion to Dismiss are neither complex nor novel; they could have been raised on time. This Court has made it clear to the parties the deadlines must be honored absent good cause. Angeles-Montezuma has not shown good cause for filing his Motion to Dismiss several months out of time, and without seeking prior leave of the Court.

Regarding his Motion for a Bill of Particulars, Angeles-Montezuma correctly notes that the prior scheduling orders do not mention a deadline for motions seeking a bill of particulars. The undersigned intended that the original deadline regarding the sufficiency of the indictment to encompass such motions, but agrees that the scheduling orders did not specifically refer to or mention any deadline concerning motions for a bill of particulars. The Court will give Angeles-Montezuma the benefit of the doubt and find that no such deadline was set.

Giving Angeles-Montezuma the benefit of the doubt does not end the timeliness inquiry. Without a court-imposed deadline, the deadline set in the Federal Rules of Criminal Procedure applies. Pursuant to Fed. R. Crim. P. 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Angeles-Montezuma was arraigned on November 8, 2016 (ECF No. 479), and his Motion for Bill of Particulars was filed on August 16, 2017 (ECF No. 1276). Under the Rules, his motion is untimely and may properly be denied as such.

In summary, the undersigned finds that Angeles-Montezuma did not file timely motions challenging the sufficiency of the indictment and requesting a bill of particulars. Therefore, his Motion to Dismiss and Motion for Bill of Particulars may be denied under the rules as untimely.

**B.     Merits Analysis**

To facilitate further review and to give Angeles-Montezuma all possible benefit of the doubt, the Court will also consider the merits of specific challenges he raised in his untimely motions.

*1.     Sufficiency of the Indictment*

Regarding the sufficiency of the superseding indictment, Angeles-Montezuma does not appear to raise any jurisdictional defect in the superseding indictment or a colorable claim that it fails to state an offense. See Boykin, 794 F.3d at 944 (a defendant may raise such claims at any time while the case is pending); United States v. Buchanan, 574 F.3d 554, 565 (8th Cir. 2009) (citation omitted). Rather, Angeles-Montezuma argues that, "absolutely no facts are alleged which would give Defendant Israel Angeles-Montezuma any ability to prepare a defense." (ECF No. 1277, Motion to Dismiss at ¶ 3)  Defendant's characterization cannot be sustained.

"An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011) (citation and quotations omitted), cert. denied, 565 U.S. 1202 (2012); see also Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988). Moreover, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Huggans, 650 F.3d at 1217 (citation and quotations omitted). In the context of a drug trafficking conspiracy, the Eighth Circuit has explained that "an indictment provides sufficient specific facts constituting the offense if it apprises the defendant of the time frame of

-7-

the alleged drug conspiracy and the type of drugs involved." Id. at 1218 (citation and quotations omitted). The superseding indictment in this case satisfies this standard.

Angeles-Montezuma is one of 42 defendants charged in Count I of the superseding indictment. Count I alleges a vast methamphetamine trafficking conspiracy, in violation of 21 U.S.C. § 846. There is no contention that Count I lacks any essential element.[3] Furthermore, Count I identifies a time frame spanning from December 2014 until August 2016, and includes 88 separately numbered paragraphs outlining the manner and means of the drug trafficking conspiracy. Angeles-Montezuma is identified generally in paragraph three as "a source of supply for actual methamphetamine to the conspiracy." Count I refers to Angeles-Montezuma eight additional times in describing the manner and means of the conspiracy. (See Superseding Indictment at ¶¶ 59, 68, 69, 72, 74, 77, 79, 80) In each of these eight instances, Count I alleges a fairly specific event, including the date of the event and the other co-conspirator(s) involved in the event. Many of the instances also identify the location of the event. For example, paragraph 68 alleges in relevant part that —

> on April 27, 2016, JENNIFER GARCIA and DAMIEN GROVES were the subject[s] of a traffic stop in Placer County, California. Investigators subsequently recovered actual methamphetamine concealed inside the door panels of the vehicle. JENNIFER GARCIA and DAMIEN GROVES were transporting the methamphetamine to the Eastern District of Missouri on behalf of DAVID GARCIA and ISRAEL ANGELES-MONTEZUMA, a/k/a "Amigo."

(ECF No. 227 at ¶ 68)

---

[3] "The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are '(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy.'" United States v. Keys, 721 F.3d 512, 519 (8th Cir. 2013) (quoting United States v. Jiminez, 487 F.3d 1140, 1146 (8th Cir. 2007)), cert. denied, 134 S. Ct. 1011 (2014).

Finally, the detailed overt acts alleged in Count I Angeles-Montezuma are not actually required by law to be alleged in an indictment charging a violation of 21 U.S.C. § 846. See United States v. Shabani, 513 U.S. 10, 11 (1994); Keys, 721 F.3d at 519.

By any required measuring stick, Count I includes sufficient facts to charge a drug trafficking conspiracy, to allege Angeles-Montezuma's involvement in that conspiracy, to allow Angeles-Montezuma to prepare a defense, and to permit Angeles-Montezuma to plead double jeopardy to any future prosecution based on the same crime. As outlined in Huggans, the Eighth Circuit has approved indictments with far less specificity and detail than that included in Count I of the superseding indictment.

Angeles-Montezuma's Motion to Dismiss the Indictment should be denied on the merits.

### 2. *Bill of Particulars*

Angeles-Montezuma's request for a bill of particulars should also be denied on the merits. "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." Huggans, 650 F.3d at 1220 (citation and quotations omitted); see also United States v. Bowie, 618 F.3d 802, 817 (8th Cir. 2010) (citation omitted). Yet a defendant is not entitled to use a motion for a bill of particulars as a means of forcing the government to disclose its trial evidence. Huggans, 650 F.3d at 1220.

As outlined above, the Count I of the superseding indictment alleges a large-scale methamphetamine trafficking conspiracy in considerable detail, including dozens of paragraphs that include dates, times, participants, and events. The record in this case makes clear that the government has supplied extensive, well-organized discovery to the defendants in this matter. (See ECF Nos. 371, 447, 642)

Despite the detailed Indictment and extensive discovery, at the September 26, 2017, hearing, Angeles-Montezuma argued that the case is unique and he needs more information to prepare his defense. In response, government explained that much of the evidence regarding the conspiracy will consist of witness testimony. Therefore, the discovery standards of the Jencks Act, 18 U.S.C. § 3500, apply. Under the Jencks Act, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." Id. at 3500(b); see also United States v. Beckman, 787 F.3d 466, 493 (8th Cir.), cert. denied, 136 S. Ct. 160 (2015). Accordingly, the government's obligations under the Jencks Act have not yet been triggered. Finally, the government is obligated to turn over exculpatory and impeachment evidence pursuant to the standards established in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Angeles-Montezuma's Motion for Bill of Particulars does not raise any Brady or Giglio concerns.

On the record before the Court, the undersigned concludes that Angeles-Montezuma is not entitled to a bill of particulars.

## II. **Motion for Severance**

Angeles-Montezuma also asks the Court to sever the trial of his case from that of his co-defendants. Angeles-Montezuma's Motion for Severance was timely filed.

Angeles-Montezuma first claims that he is misjoined with the other defendants under Fed. R. Crim. P. 8(b). Angeles-Montezuma suggests (without clearly identifying how) that there is a "clear defect in the pleading." (ECF No. 1279 at p. 2) Angeles-Montezuma further contends that he is charged only in Count I (drug conspiracy), while other defendants are charged with

-10-

"more sinister crimes," such as possessing a firearm in furtherance of a drug trafficking conspiracy. According to Angeles-Montezuma, a substantial portion of the evidence will focus on these other crimes, and the "heavier culpability" of his co-defendants will likely confuse the jury and unfairly attribute acts to him for which he is not culpable. (Id.)

In connection with his misjoinder argument, Angeles-Montezuma contends that he is entitled to a severance from his co-defendants, and relief from the prejudicial joinder of those co-defendants, pursuant to Fed. R. Crim. P. 14(a). Angeles-Montezuma argues that he cannot receive a fair trial, and will be unfairly prejudiced, if he is tried with his co-defendants. Angeles-Montezuma argues that there is a risk that a jury would consider evidence against him that is admissible only against one of his co-defendants. Defendant also raises concerns that a joint trial would implicate the concerns raised by the Supreme Court in Bruton v. United States, 391 U.S. 123 (1968).

The government argues that the co-defendants are properly joined. The government further argues that Angeles-Montezuma's motion for severance is premature inasmuch as the contours of any trial in this matter remain unclear. The government acknowledges the potential for confrontation or Bruton-type issues, but contends that such issues can be properly addressed, when ripe, with redactions and appropriate jury instructions.

### A. Joinder

Angeles-Montezuma raises only a general or vague claim of misjoinder. Under Fed. R. Crim. P. 8(b), an "indictment … may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Joinder is a question

of law, see United States v. Mann, 685 F.3d 714, 718 (8th Cir. 2012), and the propriety of the joinder generally must appear on the face of the indictment, see United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982). In assessing claims of misjoinder, "[t]he prerequisites for joinder are liberally construed in favor of joinder." United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994). It is normally proper to join co-conspirators together in a single indictment. See United States v. Donnell, 596 F.3d 913, 923 (8th Cir. 2010) (citing cases); United States v. Jenkins-Watts, 574 F.3d 950, 967 (8th Cir. 2009) (finding joinder of co-conspirators proper).

On the face of the superseding indictment in this case it is clear that joinder of the defendants was proper under Rule 8(b). Count I charges all of the defendants with conspiring to distribute and to possess with the intent to distribute actual methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Count I alleges common activity by all of the defendants, and alleges specific offense conduct relative to each named co-conspirator. Also, there can be little doubt that Count I will invite joint proof on numerous, relevant issues. See Rimell, 21 F.3d at 288. While some of the co-defendants are charged in additional counts that do not name Angeles-Montezuma, it is not legally necessary to charge each co-defendant in each and every count. See Fed. R. Crim. P. 8(b); Donnell, 596 F.3d at 923. Those additional counts, on the face of the superseding indictment, relate to in some way to the methamphetamine trafficking activities, and occurred during the same timeframe as the conspiracy alleged in Count I. Thus, those additional counts are properly joined under Fed. R. Crim. P. 8(a).

In sum, the undersigned finds joinder of defendants and counts proper in this matter.

### B. Severance

Even if properly joined, a district court may, in its discretion, sever the trial of jointly indicted defendants pursuant to Fed. R. Crim. P. 14(a). Under Rule 14(a) –

> If the joinder of offenses or defendants in an indictment … appears to prejudice a defendant …, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In his Motion to Sever, Angeles-Montezuma raises two different grounds for severance. First, he argues generally that a joint trial would prejudice him "because the weight of the evidence against him is *de minimis* compared to the weight of the evidence against co-defendants, [including] co-defendants Alan Cardenas, Michael Chandler, Valerie Williams, Jennifer Garcia, Damien Groves, Terrance Bise, and Bruce Nichols." (ECF No. 1279 at p.5) Second, and more specifically, Angeles-Montezuma argues that a joint trial would undermine his constitutional confrontation rights under Bruton because many co-defendants allegedly made statements which implicated Angeles-Montezuma.

"When [as here] defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Casteel, 663 F.3d 1013, 1019 (8th Cir. 2011) (quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). See also United States v. Lane, 474 U.S. 438, 449 (1986) (explaining that joint trials also conserve resources and reduce inconveniences).

"It has long been the rule that severance is warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Ali, 799 F.3d 1008, 1023 (8th Cir. 2015) (quoting Zafiro, 506 U.S. at 539). Thus, "[a] court will permit severance only 'upon a showing of real prejudice to an individual defendant.'" United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (quoting United States v. Sandstrom, 594 F.3d 634,

644 (8th Cir. 2010)).  See also Casteel, 663 F.3d at 1018 (explaining that the presumption favoring joint trials "'can only be overcome if the prejudice is severe or compelling'") (quoting Lewis, 557 F.3d at 609).

### 1. *Weight of Evidence Concerns*

Angeles-Montezuma's first argument—the evidence against him is *de minimis* compared to his co-defendants—cannot be sustained.  To the extent Angeles-Montezuma's more general argument is that a jury would be unable to compartmentalize the separate evidence against each co-defendant, such an "argument faces an uphill battle, for '[r]arely, if ever, will it be improper for co-conspirators to be tried together.'"  Ali, 799 F.3d at 1023 (quoting United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996)).  And "a mere disparity in the weight of the evidence is not a valid basis for severance."  Ali, 799 F.3d at 1023 (citing United States v. Dierling, 131 F.3d 722, 734 (8th Cir. 1997)); see also United States v. Pou, 953 F.2d 363, 369 (8th Cir. 1992).  Similarly, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Zafiro, 506 U.S. at 540.

Furthermore, "[t]he mere fact that evidence is admitted as to one defendant that would not be admissible as to [another defendant] does not constitute prejudice" requiring severance. United States v. McDougal, 137 F.3d 547 (8th Cir. 1998) (citing United States v. Helmel, 769 F.2d 1306, 1322 (8th Cir. 1985)).  Rather, "'[t]he Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions ….'" Casteel, 663 F.3d at 1019 (quoting United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996)). See also Eighth Circuit Model Criminal Jury Instruction Nos. 2.14 (evidence admitted against only one co-defendant), 2.15 (statement of one co-defendant not to be used against another co-

defendant), and 3.08 (requirement to give separate consideration to evidence regarding each co-defendant) (2014).

None of the general concerns Angeles-Montezuma raises regarding the weight of the evidence or the additional charges some co-defendants face involve concerns that cannot be addressed by properly instructing the jury. Thus, to the extent Angeles-Montezuma's Motion to Sever rests on such concerns, the motion should be denied.

### 2. *Bruton Concerns*

The bulk of Angeles-Montezuma's severance motion focuses on potential issues under Bruton v. United States, 391 U.S. 123 (1968). In its response, the government acknowledges at least the potential for Bruton issues. The government contends, however, that any concerns can be fully addressed with careful pretrial planning, including redactions and jury instructions.

Bruton recognizes the potential of a collision between joint defendants' Sixth Amendment right of confrontation and their Fifth Amendment right not to be made witnesses against themselves. See United States v. Ortiz, 315 F.3d 873, 899 (8th Cir. 2002). "In Bruton, the Supreme Court held that 'a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant.'" Ali, 799 F.3d at 1024-25 (quoting Richardson v. Marsh, 481 U.S. 200, 201-02 (1987)). The Bruton rule does not apply if the codefendant's confession does not incriminate the defendant directly, or when considered in view of other evidence in the case. Id. at 1025 (citation omitted). "Moreover, 'the Supreme Court cases have held that Bruton is not violated if the non-testifying defendant's statement only inculpates a codefendant inferentially – through linkage to other evidence.'" Id. (quoting United States v. Coleman, 349 F.3d 1077, 1085

(8th Cir. 2003)). See also Richardson, 481 U.S. at 208. The Supreme Court has also explained that potential Bruton issues "may be avoided through redaction if a cautionary jury instruction is given, if the redactions are neutral, and if they do not obviously directly refer to the defendant." Coleman, 349 F.3d at 1085 (citing Gray v. Maryland, 523 U.S. 185, 196 (1998)).

The undersigned concludes that, at the present time, it would be premature to sever Angeles-Montezuma's trial from that of any other co-defendant on the basis of potential, but presently unknown, Bruton problems. First, many co-defendants have already pleaded guilty, and if such co-defendants cooperated and testified, they would be subject to cross-examination and their out-of-court confessions would likely not need to be offered. Second, as the government aptly notes, it is often possible to avoid Bruton issues with appropriate redactions and limiting instructions. Should the government offer any co-defendant's statement(s) at trial, the government will have the burden of complying with Richardson and Coleman. If the government so complies, then there will be no Bruton violation. If the government cannot comply with Richardson and Coleman, then severing Angeles-Montezuma's trial from his co-defendants may be required, or the government may choose to forego using any offending co-defendant's statements at trial.

Angeles-Montezuma's Motion for Severance should therefore be denied without prejudice.

**ORDER AND RECOMMENDATIONS**

Accordingly,

**IT IS HEREBY RECOMMENDED** that Angeles-Montezuma's Motion to Dismiss [ECF No. 1277] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Angeles-Montezuma's Motion to Sever [ECF No. 1279] be **DENIED** without prejudice.

**IT IS HEREBY ORDERED** that Angeles-Montezuma's Motion for a Bill of Particulars [ECF No. 1276] is **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this Memorandum, Order, and Recommendations, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); see also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

Pretrial proceedings have not concluded in this matter.  The trial of this matter will be set by the Honorable Catherine D. Perry, United States District Judge, at the conclusion of all pretrial proceedings.

/s/ *John M. Bodenhausen*
UNITED STATES MAGISTRATE JUDGE

Dated this   10th   day of  October , 2017