IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CR00426 |
| ISRAEL ANGELES-MOCTEZUMA, | ) ) ) |
| Defendant. | ) |

SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE AND/OR A VARIANCE PURSUANT TO 18 U.S.C. 3553(a)

COMES NOW Defendant and in support of his Motion states as follows:

Departure Pursuant to 4A1.3 of the Sentencing Guidelines is Appropriate.

1.  A downward departure is appropriate pursuant to 4A1.3 in that Defendant's criminal history is overstated; Defendant should be placed in a criminal history category I not II (Defendant has only one traffic offense – a DWI) on his record. See e.g., U.S. v. Thomas, 361 F.3d 653 (D.C. Cir. 2004)(district court erred in considering the defendant's lengthy arrest record in justifying court's failure to depart downward because of overrepresentation of criminal history; arrests prove nothing); U.S. v. Cuevas-Gomez, 61 F.3d 749 (9th Cir. 1995)(district court may depart downward in illegal reentry case where Defendant received a 16-level upward adjustment in offense level — if court believes criminal history overstated); U.S. v. Reyes, 8 F.3d 1379 (9th Cir. 1993) (court upholds downward departure —210 months to 33 months - from career offender guidelines — in both offense level and criminal category — where defendant a comparatively minor offender —6 minor drug and theft priors — but remands for court to state reason for extent of departure); U.S. v. Brown, 985 F.2d 478, 482 (9th Cir.

1993)(age at time of prior convictions and nature of those convictions — DUIs — are proper factors to consider in determining whether career offender status significantly over-represents seriousness of defendant's criminal history); U.S. v. Lawrence, 916 F.2d 553, 554 (9th Cir. 1990) (even though defendant is career offender because of two drug convictions, low risk of recidivism justifies downward departure); U.S. v. Mishoe, 241 F.3d 214 (2d Cir. 2001) (although reversing district court's grant of downward departure because they should not automatically be given to street level dealers; horizontal departure in criminal category may be warranted where prior sentences were lenient); U.S. v. Gregor, 339 F.3d 666 (8th Cir. 2003)(in departing downward because career offender designation over represents criminal history because burglary did not involve breaking and entering, district court may shift left on the criminal history category and move downward on the offense level); U.S. v. Collins, 122 F.3d 1297 (10th Cir. 1997)(departure from career offender 151-188 to 42 months, where Defendant was 65 and ill (high blood pressure, heart disease, ulcers, etc) and 10 year old conviction overstated criminal history because conduct committed beyond ten-year limit; and Defendant not sentenced in that case until 15 months after crime committed — so district court correctly reasoned that quick prosecution would have precluded the career offender enhancement altogether — other conviction was minor drug charge for which Defendant received lenient sentence — so Defendant not as likely to recidivate as other career offenders -- and because Koon makes clear that Congress did not intend to vest in appellate courts wide-ranging authority over district court sentencing decisions); U.S. v. Fletcher, 15 F.3d 553, 557 (6th Cir. 1994)(affirming departure downward from career offender to level 29 and category V based on age of prior convictions, time intervening

2

between priors and current crime, and defendant's responsibilities; Court of Appeals affirmed noting District Court can consider age of priors in determining recidivism); U.S. v. Gavles, F.3d 735, 739 (8th Cir. 1993)(case remanded to permit judge to consider downward departure, noting that in making determination, judge must "consider the historical facts of the defendant's criminal career"); U.S. v. Shoupe, 988 F.2d 440, 447 (3d Cir. 1993)(court may consider defendant's age and immaturity when priors committed in determining that criminal history (career offender) over represents history); U.S. v. Bowser, 941 F.2d 1019, 1024 (10th Cir. 1991)(age and close proximity in time between prior criminal acts provided proper basis to depart downward from career offender category); U.S. v. Senior, 935 F.2d 149, 151 (8th Cir. 1991)(*defendant only 20 years old when he committed his first predicate offense, a series of robberies, and Defendant received short sentence for second predicate offense drug charges, obvious state did not consider Defendant's crimes serious; so downward departure proper*)(emphasis added); U.S. v. Summers, 893 F.2d 63. 67 (4th Cir. 1990)(affirms downward departure because drunk driving crimes exaggerated criminal history but remands because of the extent of the departure).

    In the present case, Defendant was placed in criminal category II because he was technically on probation for a traffic offense (a DWI).  However, while Defendant was on "probation" on paper so to speak, he had no probation officer and was not required to report to any probation officer. The "probation" was a formality.  As such, Defendant should be placed in a criminal history category I

Departure Pursuant to 5H1.6 of the Sentencing Guidelines is Appropriate

2. Secondly, a downward departure is appropriate pursuant to 5H1.6 of the Federal Sentencing Guidelines. As outlined in the PSR, Defendant has had an extremely difficult upbringing (¶ 114) and was forced to live on the streets of Mexico City as an adolescent and was in a constant fight for survival as a child. See United States v. Shortt, 919 F.2d 1325, 1328 (8th Cir. 1990); United States v. Johnson, 964 F.2d 124 (2d. Cir. 1992); see also Chaotic Sentencing: Downward Departures Based on Extraordinary Family Circumstances: United States v. Johnson, 964 F.2d 124 (2d. Cir. 1992) Washington University Law Review, Vol. 71, Issue 2 (1993).[1] As outlined in paragraph 114 of the PSR Defendant's mother was physically abusive to Defendant and Defendant used cocaine at age 12 due to a complete lack of any parental guidance. See paragraph 121 of the PSR. U.S. v. Lopez, 938 F.2d 1293, 1297-99 (D.C.Cir. 1991)(where a defendant received 51 months in cocaine case, was remanded for district court to consider departure because defendant was exposed to domestic violence, the death of his mother by his stepfather, his need to leave town because of threats, and his growing up in the slum areas of New York and of Puerto Rico).

A Variance is Warranted in this Case

3. Finally, a variance is warranted when considering all the factors in 18 U.S.C. 3553(a). In considering the factors in 18 U.S.C. § 3553(a), the Court should afford Defendant every possible and legal avenue for leniency in imposing a term of imprisonment. First, the history and characteristics (18 U.S.C. § 3553(a)(1)) of

---

[1] This law review article provides an exhaustive outline of the circumstances in which a downward departure for "unusual family circumstances" may be appropriate pursuant to Eighth Circuit case law.

4

Defendant are remarkable in that no victim was ever directly harmed by physical violence by Defendant.  Defendant has resided in California since he was 16 and has worked at various places of employment throughout his life.  Presumably, Defendant's addictions, poverty and horrific childhood led to many life problems that are normally the by product of an addiction to drugs.  See e.g., U.S. v. Hammond, 37 F.Supp.2d 204 (EDNY 1999)(departing downward where defendant "had no history of violent behavior and his prior arrests resulted from minor drug crimes .. . and the kind of petty criminality associated with a poor addict's attempt to acquire money for the purchase of drugs."); U.S. v. Lacy, 99 F.Supp.2d 108, 119 (D.Mass. 200)(departing when a defendant's criminal history was "largely non-violent, and relatively minor, the kind that characterizes an out-of-control addict").  Second, any leniency for Defendant will certainly still reflect the seriousness of the offense (18 U.S.C. § 3553(a)(2)(A)); still deter other potential defendants from this type of conduct (18 U.S.C. § 3553(a)(2)(B)) and protect the public (18 U.S.C. § 3553(a)(2)(C) in that it is clear that even with some leniency from the Court, Defendant will still unfortunately be serving some term of imprisonment.

      As outlined above, to say that Defendant had a tragic childhood and upbringing may be an understatement.  In sum, Defendant never received a "break his entire life."  When Defendant's horrific upbringing is combined with the fact that Defendant decided to plead guilty and accepted responsibility, this leads to the conclusion that a variance is warranted in that certainly 120 months is a significant amount of time for a crime wherein this specific Defendant never directly harmed anyone with physical violence.  Further, this would have been an extremely lengthy trial and Defendant's decision to

plead guilty conserved the Court's resources. See U.S. v. Garcia, 926 F.2d 125 (2nd Cir. 1991).[2]

WHEREFORE, Defendant asks that the Court downward depart and/or grant him a variance, that he be sentenced to a term of imprisonment of 120 months and that he be placed in a facility as close as possible to Stockton, California.  To subject Defendant to 360 months would result in a draconian punishment.  See United States v. Stockton, 968 F.2d 715, 721 (8th Cir. 1992)(Bright, Senior Judge, Concurring)(guideline sentences "have gone awry" with a sentence of 20 years for a first time meth offender and is "excessively long" and "greater than necessary" and *"cannot be justified in a civilized society."*); see also United States v. Andruska, 964 F.2d 640, 646-47 (7th Cir. 1992)(Will, Senior Judge, concurring)("the irrationality and draconian nature of the Guidelines sentencing process is again unhappily reflected in this case").[3]

The analysis of Senior Judge Bright is tailor made for the present case, *"[a]lthough the Sentencing Commission and Congress on their war on drugs, intended to use long sentences as weapons to deter crime, doubt exists that longer sentences have had any deterrent effect on crime. These extremely long sentences mandated by the guidelines waste the lives of many men and women.  Yet, can we say we are winning the war on drugs?  It is time for a new and more rationale look at sentencing.*"  Certainly, sentencing Defendant to life in prison as opposed to a reasonable sentence of ten years would have no incremental deterrent to crime.  No rational person

---

[2] All legalese aside, this court should provide Defendant with some leniency, otherwise no Defendant in his position would have any incentive to plead guilty, further burdening the court system and law enforcement.

[3] While the government may classify Defendant as a drug "kingpin" this classification cannot carry too much weight when it is considered that Defendant has zero in the way of assets.  Further, not only does Defendant has zero in assets his entire family is so financially destitute that not a single family member has visited Defendant his entire time incarcerated and one would think that if Defendant was such a "drug lord" he would at least have one visitor.

would engage in drug trafficking because of a possibility of only receiving a ten year sentence as opposed to life.[4]  Clearly, the taxpayers of the United States would not be served by Defendant spending his dying days incarcerated.

Additionally, Defendant asks that he be placed into a drug treatment program with the Bureau of Prisons to provide him with appropriate treatment of his drug addiction (18 U.S.C. § 3553(a)(2)(D)).  Finally, Defendant asks that any sentence imposed by this court run concurrent to any sentence mentioned in paragraph 134 of the PSR.

Respectfully Submitted,

/s/ Craig J. Concannon

_____
Craig J. Concannon #45015MO
7911 Forsyth, Suite 300
St. Louis, MO  63105
(314) 421-3329
(314) 421-0465 fax

---

[4] See United States v. Nellum, 2005 WL 300073, 2005 U.S.Dist. LEXIS 1568 (N.D. Ind.Feb. 3, 20015)(post Booker in crack case where Guideline range was 168-210 months, imposing sentence 108 months where, among other things unlikely to recidivate because of his age 57, relying on government statistics).  Counsel believes it is almost axiomatic that after receiving a lengthy prison sentence at Defendant's age he would again engage in drug distribution subjecting himself to another ordeal with the criminal justice system.

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the foregoing was served upon the Office of the United States Attorney this 20th day of September, 2018 via operation of the Court's Electronic Filing System.

                                            /s/ Craig J. Concannon
                                            _____